IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON GREEN, ) | CV F 10 – 1251 AWI GSA |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | AND ORDER ON |
| v. ) | DEFENDANTS' MOTION TO |
| ) | DISMISS |
| BANK OF AMERICA MORTGAGE ) | |
| CAPITAL CORPORATION, BANK OF ) | |
| AMERICA, RECONTRUST ) | Doc. # 6 |
| COMPANY, and Does 1 through 10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is an action for injunctive relief by plaintiff Vernon Green ("Plaintiff"), representing himself *in pro per*, against defendants Recontrust Co., and BAC Home Loans Servicing ("Defendants").[1]  Plaintiff's complaint requests the court issue injunctive orders to prevent the foreclosure sale of Plaintiff's residence on the ground Defendants are not in possession of the original promissory note and therefore lack standing to foreclose on Plaintiff's property.  In the instant motion, Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint on the ground California's comprehensive scheme of non-judicial foreclosure grants the trustee of a Deed of Trust the right to initiate the foreclosure process without having to produce the original note.  Although

---

[1] Defendants state that BAC Home Loans Servicing is erroneously named in this suit as two entities, "Bank of America Mortgage Capital Corp., and Bank of America." "Defendants" hereinafter refers to Recontrust Co. and BAC Home Loans Servicing.

Defendants do not dispute the court's jurisdiction over this action, the court finds it necessary to address the issue jurisdiction for the reasons that follow. Venue is proper in this court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint alleges the following with regard to the court's jurisdiction over this action:

> Jurisdiction in this action in equity is based on the Constitution for [sic] The United States of America and in particular Article 1, Section 10 and the [First], [Fourth], [Ninth] and [Tenth], [Eleventh], [Fourteenth] Amendments. Jurisdiction is further invoked under the 1849 Constitution for the state of California and under [Federal Rule of Civil Procedure] 17, [California Code of Civil Procedure] 2924, 15 U.S.C. § 1601 et seq.[2] [Truth in Lending Act ("TILA")] and 12 U.S.C. [§] 2601 [Real Estate Settlement Practices Act ("RESPA")] concerning the obligation of contracts. Defendant/Respondent Bank of America is located in North Carolina and is organized under 31 U.S.C. and is subject to 12 U.S.C. [sic].

Doc. # 1 at ¶ 1.

Plaintiff purchased a residence in Mokelumne Hill in Calaveras County. Plaintiff alleges he executed a promissory note and Deed of Trust securing his residence on September 21, 2006. Plaintiff alleges that on or about January 27, 2010, he sent Defendants a document titled "Notice of Request for Clarification and Notice of Private International Remedy Demand" (hereinafter the "Request"). A copy of the Request is appended to Plaintiff's complaint at Exhibit "A". By inspection, the Request appears to be a list of questions aimed mostly at eliciting responses from Defendants that bolster Plaintiff's theories regarding the legitimacy of Defendants' authority to foreclose on Plaintiff's home. It does not appear that the Request was served on Defendants in connection with any judicial proceeding that had been commenced at the time. It is clear that this action was not commenced until after the Request had been served on Defendants. Based on Defendants' non-response to Plaintiff's Request, Plaintiff represents the allegations set forth in the Request are conclusively admitted or denied, depending on the wording of the particular question. For the most part, the

---

[2] 15 U.S.C. § 1601 states the general findings and declares the purpose of consumer credit provisions. The court assumes that Plaintiff intended to invoke the jurisdictional provisions of 15 U.S.C. § 1640.

allegations set forth in Plaintiff's complaint consist of factual allegations, and legal conclusory statements that were set forth in the Request and to which Defendants did not respond.

Defendant's motion to dismiss or, in the alternative for a more definite statement was filed on August 19, 2010. As of this writing, Plaintiff has filed no opposition. On September 23, 2010, the court vacated the date set for hearing on Defendants' motion to dismiss and took the matter under submission as of September 27, 2010.

## LEGAL STANDARD

A federal court is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 278 (1977). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926). It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

For purposes of federal question jurisdiction, a case arises under federal law if a right or immunity created by the Constitution or laws of the United States is "an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). Jurisdiction exists if a plaintiff makes a "substantial claim under an act of Congress."

Carlson v. Principal Financial Group, 320 F.3d 301 (2d Cir.2003) (citing Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). "The jurisdictional inquiry is rather straightforward and depends entirely upon the allegations in the complaint." Carlson, 320 F.3d at 306. "[W]here the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit." Bell v. Hood, 327 U.S. 678, 681-82 (1946). The two exceptions occur "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Id. at 682-83. "Thus, in order to sustain federal jurisdiction, the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous." Carlson, 320 F.3d at 306.

## DISCUSSION

Although Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6), even a cursory reading of Plaintiff's complaint raises the court's concern as to its jurisdiction over this action. The document the court has construed as Plaintiff's complaint is titled "Petition to Show Cause to Determine the True Creditor with Standing to Foreclose and Take Possession." Plaintiff's pleading is essentially a rather lengthy argument for the proposition that an entity seeking to foreclose on a deed of trust must be holder in due course of the originals of both the promissory note and the deed of trust (mortgage) in order to effect foreclosure on the property secured by the deed of trust. At the end of the pleading, Plaintiff requests that "an injunction order be issued to estop [Defendants] from exercising power of sale rights that they have admitted they do not have" (presumably pursuant to Defendant's non-reply to Plaintiff's Request). Doc. # 1 at 10:5-6.

Neither Plaintiff's prayer for relief nor any of the argument contained in the body of

Plaintiff's pleading invokes the United States Constitution or any discernable act of Congress either directly or by implication. Plaintiff invokes Article I, section 10 of the Constitution and several of the Amendments but his pleading gives no hint of how any right or immunity arising thereunder could have been infringed by Defendants' actions. Article I, section 10 of the Constitution, as well as the First, Fourth, and Fourteenth Amendments limit *state* action. No state action is involved in anything Plaintiff has alleged. See Geist v. California Reconveyance Co., 2010 WL 1999854 (N.D. Cal. 2010) at *1 ("it is well settled law that non-judicial foreclosure proceedings do not involve state action"). Similarly, the Ninth, Tenth and Eleventh Amendments reserve rights to the states or to the people. Plaintiff's pleadings give no indication how any rights arising under these Amendments might possibly be implicated.

In addition, it is impossible to see how anything Plaintiff has alleged has anything to do with either of the two federal statutes Plaintiff invoked in his statement of jurisdiction, 15 U.S.C. § 1601 et seq., TILA, or 12 U.S.C. § 2601, RESPA. "TILA is only a 'disclosure statute' and 'does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction.' [Citation.]" Hauk v. JP Morgan Chase Bank, 552 F.3d 1114, 1120 (9 Cir. 2009) (quoting Rendler v. Corus Bank, 272 F.3d 992, 996 (7 Cir. 2001) (internal quotations omitted)). Plaintiff does not make any allegations that Defendants make any false representations with regard to any terms and conditions of the mortgage.

Similarly, Plaintiff's allegations have no discernable connection to the more diffuse purposes of RESPA. Those purposes include "(1) [. . .] more effective advance disclosure to home buyers and sellers of settlement costs; (2) [. . .] the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement devices; (3) [. . .] a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance; and (4) [. . .] significant reform and

modernization of local record keeping of land title information." 12 U.S.C. § 2601(b).

By extraordinary stretch of the imagination one could possibly infer that Plaintiff's pleading was intended to convey some sense in which his "Request" was a qualified written request ("QWR") within the meaning of 12 U.S.C. § 2605(e)(1)(A), in which case the party servicing Plaintiff's loan account would be required to respond pursuant to subdivision (e)(1)(B). Such inference is undercut, however, by the fact that Plaintiff's request does not seek information about the status of his loan account nor does Plaintiff's Request purport to challenge or question Defendant's determination of the status of Plaintiff's loan account. See 12 U.S.C. § 2605(e)(1)(B)(ii) (defining QWR as a written statement by the borrower of the reasons for the borrower's belief that the loan account is in error). Because Plaintiff's "Request" does not relate in any obvious way to the status of Plaintiff's loan account, the court cannot construe the Request as a QWR within the meaning of 12 U.S.C. §2605(e)(1)(A).

As something of a side note, the court points out that two conclusions flow from the observation that Plaintiff's Request does not meet the statutory definition of QWR. First, the court concludes that Plaintiff has not alleged a federal claim under RESPA. Second, because Plaintiff's Request is not a QWR within the meaning of the statute, Defendants have no legal obligation to respond to the Request under any law the court is aware of and consequently Defendants' failure to respond does not establish the truth or falsity of any fact alleged by Plaintiff. The court mentions this because any future pleading by Plaintiff that references the "Request" in order to establish any fact or legal conclusion will receive little, if any, consideration by this court.

The court concludes Plaintiff's pleading does not allege a claim under any law of the United States or any constitutional provision. The court also finds the complaint does not allege the elements of diversity jurisdiction. The court therefore concludes it lacks subject matter jurisdiction over Plaintiff's action.

If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).  The formal conclusion the court reaches in dismissing Plaintiff's action for lack of federal subject matter jurisdiction is that Plaintiff's pleading fails to allege any claim for relief that arises under the Constitution or laws of the United States.  The court also reaches a second conclusion with regard to Plaintiff's pleadings that is not necessary to the court's determination of its jurisdiction and so requires only minimal discussion.  Simply and briefly stated, Plaintiff's pleading fails to assert a claim under either federal *or* California law that is cognizable in federal court.  The legal basis for Plaintiff's request for injunctive relief against foreclosure is his contention that Defendants lack authority to foreclose because they have not, and perhaps cannot, produce the original signed note.  District courts in California have uniformly rejected such claims noting that "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure." <u>Blanco v. American Home Mortgage Servicing, Inc.</u>, 2009 WL 4674904 (E.D. Cal. 2009) at *9 (citing <u>Oliver v. Countrywide Home Loans, Inc.</u>, 2009 WL 3122573 (E.D. Cal. 2009) at *3, and listing additional cases).

       The court recognizes that Plaintiff is representing himself and therefore the court does not lightly reach the conclusion that further amendment of Plaintiff's pleading would be futile.  However, the court has reviewed the entirety of Plaintiff's Pleading and of the "Request" and can only conclude that any action Plaintiff could file that would be cognizable in this court would bear absolutely no relationship to anything Plaintiff has filed up to this point.  To put it colloquially, Plaintiff is barking up the wrong tree by attempting to advance his theories concerning the legitimacy of Defendant's legal authority to carry out a non-judicial foreclosure proceeding under California law.  The court concludes that any action Plaintiff could file that would be cognizable in this court would be a fundamentally different

action than the one now before the court – a different case entirely rather than an amendment of the present case.  The court will therefore dismiss Plaintiff's action without leave to amend.

THEREFORE, in accordance with the foregoing discussion, it is hereby ORDERED that Plaintiff's action is DISMISSED in its entirety without leave to amend.  The Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:     October 12, 2010

CHIEF UNITED STATES DISTRICT JUDGE